Argued May 13, demurrer to alternative writ overruled;
peremptory writ allowed May 17, 1968

# SCHOOL DISTRICT NO. 1 et al., *Plaintiffs, v.*
# STATE BOARD OF EDUCATION,
## *Defendant.*
### 441 P. 2d 243

*Clifford N. Carlsen, Jr.,* Portland, argued the cause for plaintiffs. With him on the brief were Dean D. De-Chaine, and King, Miller, Anderson, Nash & Yerke, Portland.

*Loren H. Russell,* Assistant Attorney General, Salem, argued the cause for defendant. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before Perry, Chief Justice, and McAllister, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

PER CURIAM.

This is an original proceeding in mandamus directed to the State Board of Education.

By ORS Chapter 341, the State Board of Education is charged with the responsibility of conducting elections for the formation of area education districts

and the election of their boards of directors. An area education district includes the area of more than one school district and is formed for the purpose of operating a community college. There are two kinds of districts, zoned and unzoned. A petition was filed requesting the formation of a zoned area education district to be known as the "Metropolitan Area Education District" which would encompass all or parts of five counties situated in or near the metropolitan area of the city of Portland. Pursuant to statutory authority[①] the State Board divided the proposed area into seven zones with one director to be elected from the residents of each zone. It further directed that the election of a director for each zone be by the voters of the entire district rather than by the voters of the director's zone of residence.

Pursuant to plaintiff's petition substantially alleging the above facts, an alternative writ of mandamus issued to the State Board of Education to show cause why the Board should not direct that the directors of the Metropolitan Area Education District be elected by the voters of their respective zones rather than by the voters of the entire district. The State Board has demurred to the alternative writ and the manner in which the directors of the proposed district should be elected is thus raised.

The question involves an interpretation of the following language found in ORS 341.275(1):

"The area education district board of education shall be composed of seven qualified members elected at large for four-year terms from the residents of the area education district, or, if required in the petition for formation of the district, from the residents of zones established by the state board.

---

[①] ORS 341.075.

The election shall be conducted in accordance with the provisions for elections in a school district with a population of less than 300,000, according to the latest federal census, under ORS 331.080 and 331.090. A qualified member is a person who is both a resident and a qualified voter of that area education district. If the area education district has been zoned, the member shall reside in the zone from which he is elected or appointed. * * *"

The ambiguity of the above-quoted language is plain. The language of the first sentence: "The * * * board * * * shall be composed of * * * members elected at large * * * from the residents of the * * * district or, if required in the petition * * * from the residents of zones * * *" indicates the directors are elected at large whether the district is zoned or not. The words "elected at large" describe the manner in which the directors are elected and the balance of the language provides a description of those who are eligible for election. If this were the only language relative to the manner of electing directors, the meaning, while somewhat obscure, would appear to be relatively definite. However, the last sentence quoted above from the statute provides: "If the area education district has been zoned, (as it has been here) the member shall reside in the zone *from which he is elected* * * *." (Emphasis ours.) A reasonable interpretation of this language is that each director is elected by the voters of his zone. We thus have contrary provisions in the same section relating to the same subject.

The State Board urges that the purpose of the last-quoted sentence was to designate the residence of a director only and, through an abundance of caution, was intended to qualify the sentence immediately

preceding which says: "A qualified member is a person who is both a resident and a qualified voter of that area education district." At the same time plaintiffs contend that if the last sentence of the quoted language is intended only to designate the place of residence of the director, it is surplusage because it has already been specified in the first sentence of the section that directors shall be elected "* * * from the residents of zones * * *." These arguments do nothing more than confirm the section's patent ambiguity and a solution must be looked for elsewhere.

■ A logical purpose of zoning is to get all parts of the district represented on the district's board of directors. This being so, it is clear that a director would probably more closely represent the interest of the voters of his zone if he were elected by them rather than by the voters of the entire district. If elected at large, a director could be the choice of a minority of those residing in the district he represents and still be elected. It can be argued that there is no indication that the legislature was not satisfied that the interests of the voters of each zone would be sufficiently represented on the board of directors if the only requirement was that the zone's director live within the zone. The State Board cites instances where the legislature has been so satisfied. While it is true that the legislature has in some other instances provided that representatives of zones should be elected by the voters of the larger area of which the zone is a part, we believe that where zones are established and no provision or ambiguous provisions are included for the election of the zone's representative, the method of election should be adopted which more completely carries out the theory of the purpose of zoning, which is representation for the residents of all zones within

the larger area. In this particular instance this philosophy is encouraged by a provision of ORS 341.125(1) regarding the method of nominating directors and which states as follows:

"* * * If the district has been zoned, the petition shall be signed by at least 50 qualified voters *residing in the zone.* * * *"* (Emphasis ours.)

We therefore believe the election of directors for the Metropolitan Area Education District should be by zones and not at large.

■ The State Board also contends that the following language in ORS 341.275(1) is significant: "The election shall be conducted in accordance with the provisions for elections in a school district with a population of less than 300,000, according to the latest federal census under ORS 331.080 and 331.090." The State Board argues that ORS 331.090, which relates to the elections in common school districts and union high school districts, provides that the district shall provide "uniform ballots containing the names of all candidates for the office of director.", and that it would not be sensible to follow this direction if the election were by zones. We do not believe this provision relative to the mechanics of election was intended to govern a question as important as who is entitled to vote. This is demonstrated by the repugnant provisions of ORS 341.275(1) relative to the matter. In any event, the provision can be construed, when related to the present factual situation, to mean the ballot should be uniform to those voters eligible to vote for the same persons.

■ The State Board urges that in past elections it has interpreted the statutory provisions in question as requiring that a director reside within a zone, but that he be elected by popular vote throughout the dis-

trict and that this interpretation weighs in favor of an election at large. When the section in question was first interpreted by the State Board in 1962, directors were elected by zone. Subsequently in 1964 the interpretation was changed and elections in zoned districts were generally at large. However, one area education district has, since formation, continuously elected its directors by zones. We do not believe that under these circumstances the interpretation of the statute by the State Board has been as uniform and ancient as the doctrine of contemporaneous interpretation requires. See 2 Sutherland, Statutory Construction, pp 514-515, § 5104 (3d ed).

■ The State Board next argues that there is no statutory procedure to adjust boundary zones to maintain population equality within the zones. It contends that election by zone should not be adjudged by the court because, if the relative populations of the zones change, elections would run afoul of the United States Supreme Court decisions relative to the one-man, one-vote doctrine as laid down in *Avery v. Midland County, Texas,* 390 US 474, 88 S Ct 1114, 20 L ed2d 45 (1968); *Dusch et al v. Davis et al,* 387 US 112, 87 S Ct 1554, 18 L ed2d 656 (1967); *Reynolds v. Sims,* 377 US 533, 84 S Ct 1362, 12 L ed2d 506 (1964); and *Gray v. Sanders,* 372 US 368, 83 S Ct 801, 9 L ed2d 821 (1963). We doubt the relevance of such a contention. If an imbalance eventually results in any area education district it is the duty of the legislature to reapportion or to provide the machinery for reapportionment.

Defendant has made other contentions which we have considered and rejected and which we believe to be of insufficient consequence to discuss in detail. The demurrer to the alternative writ is overruled and the peremptory writ is allowed.